UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
MUKTA AHMED,                                                    :
                                                               :
                                    Plaintiff,                 :
                                                               :     **MEMORANDUM AND ORDER**
- against -                                                    :     09-CV-2550 (DLI)(RLM)
                                                               :
BANK OF AMERICA,                                               :
                                    Defendant.                 :
                                                               :
---------------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Mukta Ahmed brings this action against FIA Card Services, N.A. s/h/a Bank of America ("FIA") for what appear to be claims of negligence and defamation. Defendant moves to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted.

**I.     Background**

The following allegations are taken from the Verified Complaint and are assumed to be true for the purposes of the current motion. Plaintiff maintained various credit cards with defendant FIA. (Compl. ¶ 3.) In September 2007, plaintiff received a credit card statement for account number 4888 9310 3693 0589, which displayed allegedly fraudulent charges. Plaintiff contends that he did not make these charges, nor did his family or any other authorized users. (*Id.* ¶ 4.) Plaintiff notified defendant of the alleged fraud and filed a report with the New York City Police Department in compliance with instructions from defendant. Plaintiff contends that, while he was at the police station, he lost the credit card on which the disputed charges were allegedly made. (*Id.* ¶¶ 5-6, 8.) Plaintiff also "made an affidavit regarding these fraudulent charges on defendant's form for fraudulent activity." (*Id.* ¶ 7.) Plaintiff noted that he remained in possession of the credit card the entire period of fraudulent activity. (*Id.*)

Defendant issued a replacement credit card, which according to plaintiff's complaint carried the card number 4888 9310 3693 0589—the same number as the credit card allegedly lost at the police station. (*Id.* ¶ 9.) Plaintiff contends that, in December 2007, he received a statement for card number 4888 9310 3618 0623.[1] (*Id.* ¶ 10.) The December statement gave fraud adjustment credits for all the alleged fraudulent charges appearing on the September 2007 statement. (*Id.*) However, the alleged fraudulent charges reappeared on plaintiff's January 2008 statement along with notice of an interest rate increase. (*Id.* ¶ 11.) The charges continue to appear on all subsequent statements with accumulated interest. (*Id.* ¶¶ 11-12.) Despite numerous communications with the defendant regarding these charges, plaintiff has been unsuccessful in his efforts to have them removed, and it appears that plaintiff has refused to pay the amount due. (*Id.* ¶ 14.) Plaintiff claims that, as a result of the fraudulent charges, defendant reported his payment delinquency to various credit reporting agencies. Plaintiff alleges that Citibank, N.A., which is not party to this action, received reports regarding plaintiff from two credit reporting agencies, and, as a result, has stopped all further credit on an account maintained by plaintiff. (*Id.* ¶¶ 15-16.)

Plaintiff filed the instant action on May 14, 2009. Plaintiff's complaint does not set forth within any reasonable bounds of specificity any immediately recognizable claims. Indeed, plaintiff fails to provide the name of any causes of action he is intending to assert. The court construes his allegations as claims of negligence and defamation, even though plaintiff is represented by counsel and, thus, his pleadings are not entitled to the "less stringent standards than formal pleadings drafted by lawyers." *Ericson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] The court presumes that, with regard to the replacement card number, paragraph 9 of plaintiff's complaint is in error. The replacement card number issued by FIA was actually 4888 9310 3618 0623 and the December statement is for the replacement credit card.

## II. Discussion

### A. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Twombly*, 550 U.S. at 555. On a Rule 12(b)(6) motion, the court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).

### B. The Fair Credit Reporting Act Preempts Plaintiff's Claims

The Fair Credit Reporting Act ("FCRA") is designed in part to promote and ensure the accuracy and privacy of the information used in consumer credit reports by furnishers of information and credit reporting agencies.[2] *See* 15 U.S.C § 1681(a). The FCRA contains two provisions providing for the preemption of state law claims. First, 15 U.S.C. § 1681h(e) provides:

> Except as provided in sections 1681n and 1681*o*, no consumer may bring any action for proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer

---

[2] "Furnishers of information are entities that transmit, to credit reporting agencies, information relating to debts owed by customers." *Kane v. Guar. Residential Lending, Inc.*, 2005 WL 1153623, at *6 (E.D.N.Y. May 16, 2005). Here, defendant acted as a furnisher of information to credit reporting agencies.

reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such customer.

15 U.S.C. § 1681h(e). Second, 15 U.S.C. § 1681t(b)(1)(F) provides:

No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply [to specific sections of the Massachusetts Annotated Laws and the California Civil Code].

15 U.S.C. § 1681t(b)(1)(F). It would appear that § 1681t(b)(1)(F), enacted in 1996, swallows whole any exception provided for in § 1681h(e). Indeed, the former seems to stand for total preemption of *any* state law claim stemming from a dispute between consumers and furnishers of information. *See Fashakin v. Nextel Communs.*, 2006 WL 1875341, at *6 (E.D.N.Y. July 5, 2006). Therefore, "[d]etermining whether plaintiffs can proceed with any common law claims requires examining the two 'overlapping and potentially contradictory preemption provisions . . . which limit the circumstances under which [plaintiffs] may bring [their] state common law claims.'" *Kane*, 2005 WL 1153623, at *6 (quoting *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 784 (W.D. Ky. 2003)). The Second Circuit has not yet addressed the effect of these provisions on the FCRA's preemption of state law claims. *See, e.g., Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, n.2 (2d Cir. 2009) ("[A]ny perceived tension between 15 U.S.C. § 1681h(e) and § 1681t(b)(1)(F) . . . is of no moment in this appeal.").

Courts have utilized a number of approaches to make sense of what can best be described as curious statutory construction. The first approach, the "total preemption approach," holds that § 1681t(b)(1)(F) preempts *all* state law claims. *See Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 362 (E.D. Pa. 2001) ("The plain language of section 1681t(b)(1)(F) clearly eliminated all state causes of action against furnishers of information . . . ."). It is hard to

reconcile this approach with the existence of § 1681h(e). There would appear to be no reason for the presence of § 1681h(e) under this approach, other than simple oversight by the legislature, which fails to persuade this court to adopt this approach.

Under the second approach, the "statutory approach," courts have concluded that "§ 1681t(b)(1)(F) only applies to, and preempts, claims based on state statutes, while § 1681h(e)—and its malice requirement—applies to state common law torts." *Kane*, 2005 WL 1153623, at *8; *see also Carlson v. Trans Union, LLC*, 259 F. Supp. 2d 517, 521 (N.D. Tex. 2003). Courts have found this approach to be "somewhat strained . . . because § 1681t(b)(1)(F) does not specify that it relates to statutes only." *Kane*, 2005 WL 1153623, at *8. Furthermore, the approach is unpersuasive because it "greatly minimize[s] § 1681t(b)(1)(F)'s applicability" and thus "run[s] afoul of the whole statute approach." *Id.* (internal quotation marks and citations omitted); *Prakash v. Homecoming Fin.*, 2006 WL 2570900, at *5 n.8 (E.D.N.Y. Sept. 5, 2006).

Third, under the "temporal approach," "state law claims based on actions of a furnisher of information after the furnisher has received notice of inaccuracies are held preempted by § 1681t(b)(1)(F), while actions taken before notice has been received may not be preempted." *See Kane*, 2005 WL 1153623, at *8. The reasoning behind the temporal approach is as follows.

> Section 1681t(b)(1)(F) provides that no state law claims may be asserted with respect to any subject matter regulated under section 1681s-2. To the extent that a furnisher of information provides inaccurate information after receiving notice of inaccuracy *from a credit reporting agency*, that conduct is regulated under 15 U.S.C. § 1681s-2(b). To the extent that a furnisher provides inaccurate information after receiving notice *from the consumer himself*, the conduct falls squarely within § 1681s-2(a)(1)(B). Either way, once a furnisher of information has notice *from any source* and provides inaccurate information, the conduct is subject matter regulated under section 1681s-2 of the FCRA. Accordingly, any state law claim predicated on a furnisher providing inaccurate information after receiving notice of a dispute is completely preempted by § 1681t(b)(1)(F).

*Kane*, 2005 WL 1153623, at *8 (internal quotation marks and citations omitted).

Furthermore, under this approach, causes of action "predicated on acts that occurred *before* a furnisher of information had notice of any inaccuracies are not preempted" and are instead governed by § 1681h(e). *Id.* As a result, to be successful, a plaintiff must allege "that the furnisher of information provided inaccurate information with malice or willful intent to injure the consumer." *Id.* This approach "follows the 'whole statute' analysis and does not render either section superfluous." *Malm v. Household Bank (SB), N.A.*, 2004 WL 1559370, at *6 (D. Minn. July 7, 2004). Courts in this District have found the temporal approach to be most favorable. *See Kane*, 2005 WL 1153623 at *9; *Prakash*, 2006 WL 2570900, at *5; *Barash v. Ford Motor Credit Corp.*, 2007 WL 1791656, at *4 n.10 (E.D.N.Y June 20, 2007). This court agrees that the temporal approach is the most rational approach to deconflicting Sections 1681t(b)(1)(F) and 1681h(e).

Under the temporal approach, plaintiff's claims fail. The complaint is based on actions taken by defendant after it received notice of the alleged fraudulent charges. Indeed, plaintiff states that defendant acted despite the fact that plaintiff had informed it of the alleged fraud on numerous occasions. (Compl. ¶ 19.) Section 1681t(b)(1)(F) thus preempts the plaintiff's claims and the claims must be dismissed.

### C. Plaintiff Fails to State a Claim for Negligence

Even if plaintiff's claims were not preempted, dismissal would also be appropriate because the complaint fails to state a claim for negligence. To establish a cause of action in negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, causation, and damages. *Chylinski v. Wal-Mart Stores, Inc.*, 150 F.3d 214, 218 (2d Cir. 1998). Plaintiff fails to identify what duty, if any, was owed to him by FIA. Assuming, *arguendo*, that a duty was

owed, plaintiff does not allege that a breach of that duty ever took place. Therefore, plaintiff fails to state a claim for negligence.

### D.       Plaintiff Fails to State a Claim for Defamation

Moreover, regardless of preemption under the FCRA, plaintiff also fails to state a claim for defamation. To maintain an action for defamation under New York Law, a plaintiff must establish: "(1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation per se or caused special damages." *Thai v. Cayre Group, Ltd.*, 2010 WL 2710615 (S.D.N.Y. July 8, 2010) (internal quotation marks and citation omitted); *see also Boyd v. Nationwide Mut. Ins. Co.,* 208 F.3d 406, 409 (2d Cir. 2000). While a defamation claim need not be pled *in haec verba,* a complaint alleging defamation "is only sufficient if it adequately identifies the purported communication, and an indication of who made the statement, when it was made, and to whom it was communicated." *Camp Summit of Summitville, Inc. v. Visinski*, 2007 WL 1152894, at *10 (S.D.N.Y. Apr. 16, 2007) (internal quotation marks and citations omitted). Mere conclusory statements that the claimant was disparaged by false statements are insufficient to state a defamation claim. *See Reilly v. Natwest Markets Group, Inc.,* 181 F.3d 253, 271 (2d Cir. 1999). The main concern is that defendants are on notice as to the communications complained of so that they are able to defend themselves. *See Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986).

Plaintiff's complaint lacks the specificity required to state a claim. The complaint does not allege the time, place, or manner in which defendant made the alleged statements, or to whom such statements were made. Moreover, the complaint alleges only that defendant reported to various credit agencies that plaintiff was delinquent in his payments, but it does not provide any

further information regarding the content of the alleged statements. As such, it does not give defendant sufficient notice of the communications complained of, or plausibly plead a claim. *See Weisshaus v. Fagan*, 2010 WL 2813490, at *5 (S.D.N.Y. July 15, 2010) (dismissing defamation counterclaim where defendant alleged that plaintiff "filed complaints against him with various disciplinary authorities" because the claim did not "allege the time, place, or manner in which [plaintiff] made the alleged injurious statements, or indicate to whom such statements were made" and thus did not give plaintiff "sufficient notice of the communications complained of"); *Chenoweth & Faulkner, Inc. v. Metro Mobile CTS, Inc*., 1988 WL 52777, at *4 (S.D.N.Y. May 18, 1988) (dismissing defamation claim where plaintiff failed "to identify any particular defamatory words used" or "which officers and agents of [defendant] made the alleged statements and whom among their clients actually heard the alleged defamation").[3]

Moreover, plaintiff fails to plead special damages. It is clear from the face of the complaint that plaintiff is not alleging defamation per se and thus must prove special damages.[4] "Special damages contemplate the loss of something having economic or pecuniary value" and "must be fully and accurately stated, with sufficient particularity to identify actual losses. [R]ound figures or a general allegation of a dollar amount . . . will not suffice." *Thai*, 2010 WL

---

[3] Plaintiff attempts to cure the complaint's deficiencies by noting in his response to the motion to dismiss that "it could only be the Defendant, who published the defamatory credit information to the credit reporting agencies Trans Union Corporation and Experian, sometime between January 2008 when fraudulent credit charges reappeared on plaintiff of its credit card with defendant, and June 2008 when Citibank, N.A. ceased giving credit on its account with plaintiff." (Answer at 6.) On a motion to dismiss, however, "a court considers only the allegations made in the complaint and any documents attached thereto, and thus disregards allegations made in a memorandum of law." *Khanukayev v. Times Square Alliance*, 2010 WL 2000552, at *2 n.4 (S.D.N.Y. May, 20 2010) (citations omitted). Even if the court were to consider the statements, they nevertheless fail to cure the complaint's other deficiencies.

[4] Defamation per se involves statements: "(i) charging plaintiff with a serious crime; (ii) that tend to injure another in his or her trade, business or profession; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman." *Wojtczak v. Safeco Property & Cas. Ins. Cos*., 669 F. Supp. 2d 305 (W.D.N.Y. 2009) (citation and internal quotation marks omitted).

2710615, at *3 (citation and internal quotation marks omitted); *Nunez v. A-T Fin. Info. Inc.*, 957 F. Supp. 438, 441 (S.D.N.Y. 1997). "The particularity requirement is strictly applied, as courts will dismiss defamation claims for failure to allege special damages with the requisite degree of specificity." *Thai*, 2010 WL 2710615, at *3.

Here, the complaint alleges that plaintiff has been "injured in good name a credit reputation as had suffered severe emotional distress [sic]" and requests "damages in the amount of $1,000,000." (Compl. ¶¶ 20-21.) Injury to reputation and damages as a result of emotional distress do not constitute special damages. *Wojtczak*, 669 F. Supp. 2d at 314. Moreover, a general demand for damages "does not come close to meeting the New York standard for specificity." *Thai*, 2010 WL 2710615, at *3. In sum, plaintiff's vague allegations are insufficient to state a claim for defamation.

### E. Plaintiff's Complaint Is Dismissed With Prejudice

Plaintiff fails to seek leave to amend his complaint and this court will not grant leave *sua sponte* under the circumstances presented here. *See In re American Exp. Co. Shareholder Litigation*, 39 F.3d 395, 402 (2d Cir. 1994) (holding no abuse of discretion in not granting leave to replead *sua sponte* where plaintiffs failed to request leave in opposition to the motion to dismiss). While it may be proper at times for a district court to grant leave for a plaintiff to file an amended complaint in the interest of justice, amendment of this particular complaint would be an act in futility. *See Van Buskirk v. New York Times Co.*, 325 F.3d 87, 92 (2d. Cir. 2003). Plaintiff would not be able to redress the flaws that are present in this complaint. Therefore, plaintiff's complaint is dismissed with prejudice.

**III.    Conclusion**

For the reasons set forth above, defendant Bank of America's motion to dismiss is GRANTED, with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
        September 24, 2010

_____
/s/
DORA L. IRIZARRY
United States District Judge
